IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.

Criminal Case No. 3:16cr100

MARIO ANTONIO MACIAS-MALDONADO,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Objection to Court's July 18, 2017 Order Purporting to Resentence (ECF No. 27). For the reasons set forth below, the Court will vacate its July 18 Order (ECF No. 25) and reinstate the sentence orally pronounced at the sentencing hearing of July 13, 2017.

**BACKGROUND**

The Defendant, Mario Antonio Macias-Maldonado, stands convicted of one count of Illegal Reentry, 8 U.S.C. § 1326. On July 13, 2017, the Court sentenced the Defendant to forty-eight (48) months of incarceration, set to run concurrently with the sentence he received in Commonwealth v. Maldonado, CR17F00183-01. In fashioning this sentence, the Court first granted the Government's request to upwardly depart to a guideline range of 120-150 months (adjusted offense level 27, CH category V). That departure range was arrived at, in part, by analogizing

understated conduct in the Defendant's criminal history (specifically, paragraph 27 of the Presentence Investigation Report) to its relevant federal counterpart, and then using the offense level for that federal counterpart (18 U.S.C § 2241) as the substitute base offense level in calculating the guideline range for the illegal reentry conviction. The Court then varied (significantly) downward to arrive at the sentence it deemed sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

Five days after orally pronouncing this sentence, the Court issued an Order (ECF No. 25) vacating the sentence. Recognizing that it was error to use the analogous federal crime for the conduct described in paragraph twenty-seven of the Presentence Investigation Report (ECF No. 15) as a substitute base offense level (rather than to determine the proper enhancement for the crime of conviction—illegal reentry), the Order vacated the sentence, set the matter for resentencing, and directed the parties to submit additional briefing on the departure issue.

The Defendant responded to the Order by filing Defendant's Objection to Court's July 18, 2017 Order Purporting to Resentence (ECF No. 27) ("Def. Obj."), arguing that the Court lacked jurisdiction under Fed. R. Crim. P. 35(a) to conduct resentencing after the 14-day window contemplated by the rule. The Government filed a response (ECF No. 30) to the Defendant's

2

Objection, in which it agreed that "the weight of authority supports the defendant's central argument," to wit that the Court lacks jurisdiction. Id. at 4. The Defendant filed a reply (ECF No. 32) on August 14, 2017, and a hearing on the jurisdictional issue was held on August 22, 2017. The matter is now ripe. For the reasons set forth below, the Court will vacate the Order of July 18 (ECF NO. 25) and reinstate the original sentence.

## DISCUSSION

Fed. R. Crim. P. 35(a) instructs that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Because the Fourth Circuit appears to have interpreted this rule to require that any resentencing actually must take place within the 14-day window, the Court will vacate its July 18 Order and reinstate the original sentence in this case. Even so, the Court views this outcome as both unwise and unnecessary.

To begin, the language of Rule 35 does not support the Defendant's position. Although the Rule requires courts to "correct" a sentence within 14 days, there is nothing within the four corners of the rule or its legislative history that suggests that vacating the sentence—for clear error--would not suffice as "correction." To the contrary, taking such corrective

3

action would serve both the letter and spirit of the rule, which was designed to align the time for correcting a sentence with the time for appeal—because "at some point every sentence must become final . . . [and] it would be fundamentally unfair . . . to allow a district court to [alter] a sentence after . . . [the defendant's] expectations as to its finality have crystalized." United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989). Thus, in Cook, the Fourth Circuit held that "the authority to modify a sentence to correct an acknowledged and obvious mistake exists only during that period of time in which either party may file a notice of appeal." Id.

Rule 35 was amended in 1991 to "codif[y]" the result in Cook. Fed. R. Crim. P. 35 Advisory Committee's Notes (1991 amendment). The Committee sought to "recognize explicitly the ability of the sentencing court to correct a sentence imposed as a result of an obvious arithmetical, technical or other clear error, if the error is discovered shortly after the sentence is imposed." Id. The Committee explained its "belie[f] that that the time for correcting such errors should be narrowed within the time for appealing the sentence to reduce the likelihood of jurisdictional questions in the event of an appeal and to provide the parties with an opportunity to address the court's correction of the sentence, or lack thereof, in any appeal of the sentence." Id.

4

Given the intent and purposes articulated by the Advisory Committee, it is far from clear how an order vacating a sentence five days after it was imposed (and setting it for resentencing within a reasonable timeframe) would not satisfy both the letter and spirit of Rule 35(a). To the contrary, vacating the sentence within the 14-day period both alleviates the Committee's concern with jurisdictional overlap in the event of an appeal (because there could be no appeal of a timely-vacated sentence) and ensures that the "corrective" action is taken before the defendant's "expectations as to [a sentence's] finality have crystalized." Cook, 890 F.2d at 675. It also ensures that the parties have "the opportunity to address the court's correction of the sentence, or lack thereof, in any appeal of the sentence." Fed. R. Crim. P. 35 Advisory Committee's Notes (1991 amendment). Indeed, where the alternative to vacating and resentencing is the unnecessary expense and delay associated with appellate review,[1] it is rather confounding to interpret Rule 35(a) to prohibit district courts from taking such action. And yet, apparently, that is exactly what nearly every Court of Appeals to have addressed this issue has held.

---

[1] Not only is such appellate review unnecessary, it would typically (except where the error is harmless) result only in delaying the same outcome—a vacated sentence and an order to conduct resentencing.

5

As the Defendant rightly points out, the majority rule amongst the circuits holds that "district court's jurisdiction to correct a sentence depends upon vacating the sentence <u>and</u> resentencing within the seven days following oral pronouncement of the sentence." <u>United States v. Penna</u>, 319 F.3d 509, 512 (9th Cir. 2003) (emphasis added); <u>see</u> <u>also</u> <u>United States v. Griffin</u>, 524 F.3d 71, 85 (1st Cir. 2008)("Because Rule 35 is jurisdictional, it follows that a district court choosing to resentence under that Rule must do so within seven days of the initial sentence."); <u>United States v. Morrison</u>, 204 F.3d 1091, 1092 (11th Cir. 2000)(reversing where the district court "set[] the sentence aside within seven days of orally pronouncing it in open court but [did] not impose a new sentence until more than seven days ha[d] passed."). Thus, although the rule in these cases is both unnecessary and counter-productive, it also appears to be well-settled.

Moreover, the Fourth Circuit has at least arguably adopted this same interpretation of Rule 35. In <u>United States v. Shank</u>, the Fourth Circuit held that Rule 35 "clearly imposes a seven-day jurisdictional limit." 395 F.3d 466, 470 (4th Cir. 2005). Importantly, it then approvingly provided a string of citations to "the vast majority of [its] sister circuits" that held the same view. In doing so, the <u>Shank</u> court specifically cited <u>Morrison</u> and its "holding that a district court lacks

6

jurisdiction under Rule 35 'to correct a sentence if the court sets the sentence aside within seven days of orally pronouncing it in open court but does not impose a new sentence until more than seven days have passed.'" Shank, 395 F.3d at 470 (quoting Morrison). Thus, for better or worse, the counter-intuitive rule advocated by the Defendant—that both vacatur and resentencing must take place within the 14-day period contemplated by Fed. R. Civ. P. 35(a)—appears to be the rule of the Fourth Circuit.

Finally, although it is at least arguable that the Shank decision did not conclusively determine the issue before the Court, vacatur would likely remain inappropriate on the facts of this case under the Fourth Circuit's "clear error" standard. Under that standard, only "errors which would almost certainly result in a remand" qualify for action under Rule 35(a). United States v. Fraley, 988 F.2d 4, 7 (4th Cir. 1993); see also United States v. Bentil, 677 F. App'x 877, 879 (4th Cir. 2017). Because the Court ultimately varied downward from the errantly calculated departure guidelines in this case, and did so in order to impose the sentence that it independently determined was sufficient but not greater than necessary under 18 U.S.C. § 3553(a), any error in calculating the departure was harmless. Thus, for that additional reason, the Court will vacate its Order of July 18 (ECF No. 25) and reinstate the original sentence.

7

## CONCLUSION

For the reasons set forth above, the Court will vacate the Order of July 18, 2017 (ECF No. 25) and reinstate the sentence orally imposed during the sentencing hearing of July 13, 2017.

It is so ORDERED.

/s/ _REP_
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 31, 2017